IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17CV491

| ROBERT BERG and JILL BERG, | ) | |
| --- | --- | --- |
| Plaintiffs, | ) | |
| vs. | ) | ORDER |
| JAMES MURRATTI, TINA MURRATTI, And CHERYL GONZALEZ, | ) | |
| Defendants. | ) | |

This matter is before the Court upon the Defendants' Motion to Dismiss, filed September 18, 2017 (Doc. No. 24). The *pro se* Plaintiffs have filed a response in opposition. Defendants have not filed a Reply and the time for doing so has expired. Accordingly, this matter is ripe for disposition.

On August 16, 2017, Plaintiffs Robert and Jill Berg, the parents of Haley Berg, brought this action alleging tortious interference with parental rights, alienation of affection, intrusion upon seclusion, and negligent and intentional infliction of emotional distress in connection with their daughter against Defendants James and Tina Murratti, a married couple from Pendleton, South Carolina, and Cheryl Gonzalez, the sister of Plaintiff Jill Berg. Plaintiffs allege that the Murrattis, along with Defendant Gonzalez, conspired to interfere with Plaintiffs' parental rights and communication with Haley beginning in the fall of 2016, when Haley was 17 years old. Moreover, Plaintiffs' allege that due to Haley's fragile state of mind, Defendants conspired to conceal Haley's whereabouts from Plaintiffs, and have exerted undue influence over Haley.

1

Plaintiffs are residents of the State of North Carolina. Defendants James and Tina Murratti are residents of the State of South Carolina. Defendant Cheryl Gonzalez is a resident of Lake Worth, Florida. Defendants have moved to dismiss pursuant to Rules 12(b)(1), (b)(2), and (b)(6) of the Federal Rules of Civil Procedure.

The Court will first address Defendants' challenges to subject matter and personal jurisdiction. This is a diversity case, and Defendants argue that Plaintiffs' Complaint fails to allege the requisite amount in controversy of $75,000. Plaintiffs' Complaint states that they are seeking, "among other remedies, equitable relief in the form of compensatory and punitive damages, and Plaintiffs' claims for damages exceeds seventy-five thousand dollars ($75,000.00), exclusive of interests and costs, as a direct result of all Defendants' tortious actions directed against Plaintiffs." (Compl. ¶ 9). In making a determination as to whether Plaintiffs' Complaint meets the $75,000 threshold in damages, "the court should look to the face of the complaint itself to determine whether it is a legal certainty that plaintiff's claims do not reach the required amount." *Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995). "Unless the claim for an amount over the jurisdictional prerequisite is made in bad faith, or unless it is plain from the complaint that an amount less than the jurisdictional amount is all that is at issue, the district court has jurisdiction over the case." *Id.* From the face of the Complaint, the Court cannot determine that it is a legal certainty that Plaintiffs' claims do not reach the jurisdictional amount. Accordingly, the Court must deny the motion to dismiss on this basis.

The Court next turns to Defendants' challenge to personal jurisdiction. The Defendants have each submitted a brief affidavit claiming to have no contacts with North Carolina. However, at this juncture the Plaintiffs need only make a *prima facie* showing of jurisdiction. *See Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993) (holding that where

the court rules on a 12(b)(2) motion relying on the complaint, briefs, and affidavits alone, without conducting an evidentiary hearing, the burden is on the plaintiff to make a *prima facie* showing that personal jurisdiction exists). As for the facts, "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). The Court finds that Plaintiffs' Complaint is sufficient to make a *prima facie* showing of specific personal jurisdiction at this stage of the litigation.

Having determined that the Court retains jurisdiction over this matter, the Court will address the Defendants' 12(b)(6) motion. To survive a motion to dismiss, Plaintiffs must make factual allegations which "raise a right to relief above the speculative level" and plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545-47 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The court must view the complaint in the light most favorable to the plaintiff and take the plaintiff's allegations as true. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). Moreover, the Fourth Circuit requires district courts to construe *pro se* complaints liberally to ensure that valid claims do not fail for lack of legal specificity. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this liberal construction need not extend to outright advocacy for the *pro se* plaintiff. *Id*. Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003). In light of *Twombly* and *Bass*, conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will simply not suffice.

Plaintiffs' first claim is for Tortious Interference with Parental Rights and Alienation of Affection. Plaintiffs cite *Howell v. Howell*, 178 S.E. 222, 224 (N.C. 1913) as authority for their

claim, but *Howell* involved a custody dispute between parents. Moreover, North Carolina only recognizes the tort of Alienation of Affection as a tort between spouses. *See Jones v. Skelley*, 673 S.E.2d 385, 390 (N.C. Ct. App. 2009) ("A claim for alienation of affections is comprised of wrongful acts which deprive a married person of the affections of his or her spouse — love, society, companionship and comfort of the other spouse." (citation and quotation marks omitted)). The absence of any North Carolina law recognizing these claims against non-parent third parties is fatal to Plaintiffs' claim. *See McCants v. National Collegiate Athletic Ass'n*, 201 F.Supp.3d 732, 748-49 (M.D.N.C. 2016) ("[A] federal court sitting in diversity, as this Court, cannot expand North Carolina law or policy 'farther than any North Carolina court has been willing to go.'" (citation omitted)).

Count Two of Plaintiffs' Complaint alleges a claim for Intrusion upon Seclusion. "The tort of invasion of privacy by intrusion into seclusion has been recognized in North Carolina and is defined as the intentional intrusion 'physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . [where] the intrusion would be highly offensive to a reasonable person.'" *Toomer v. Garrett*, 574 S.E.2d 76, 90 (N.C. Ct. App. 2002) (quoting *Miller v. Brooks*, 472 S.E.2d 350, 354 (N.C. Ct. App. 1996)). Examples of recognized intrusions upon seclusion include "physically invading a person's home or other private place, eavesdropping by wiretapping or microphones, peering through windows, persistent telephoning, unauthorized prying into a bank account, and opening personal mail of another." *Id.* (quoting *Hall v. Post*, 355 S.E.2d 819, 823 (N.C. Ct. App. 1987)). The allegations in Plaintiffs' Complaint are not of the nature of those recognized by North Carolina courts as constituting this type of tort. Again, the Court is unwilling to expand North Carolina law. Accordingly, this claim must be dismissed.

Lastly, Plaintiffs allege a claim for Negligent and Intentional Infliction of Emotional Distress. However, the facts in the Complaint allege intentional conduct only. *See* Compl. ¶ 59. Such a claim requires "extreme and outrageous conduct." *See Dickens v. Puryear*, 276 S.E.2d 325, 335 (N.C. 1981). Extreme and outrageous conduct is defined as conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Smith-Price v. Charter Behavioral Health Sys.*, 595 S.E.2d 778, 782 (N.C. Ct. App. 2004) (citation omitted). The Court finds that Plaintiffs' allegations simply do not rise to the level of extreme and outrageous as a matter of law. To the extent that Plaintiffs are attempting to assert a claim for negligent infliction, the Court finds that they have failed to sufficiently allege "severe emotional distress" to survive dismissal. *See Pierce v. Atl. Grp., Inc.*, 724 S.E.2d 568, 577 (N.C. Ct. App. 2012) ("[S]evere emotional distress" has been defined as "any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." (quoting *Johnson v. Ruark Obstetrics and Gynecology Assocs., P.A.*, 395 S.E.2d 85, 97 (N.C. 1990)).

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is granted and Plaintiffs' Complaint is hereby dismissed with prejudice for failure to state a claim upon which relief can be granted.

Signed: November 13, 2017

Graham C. Mullen
United States District Judge